FILED

MAY 2 5 2007

DAVID CREWS, CLERK
By _____
                    Deputy

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI

| | |
|---|---|
| BONNIE GEE,<br>    *Plaintiff,*<br><br>    *v.*<br><br>VIKING RANGE CORPORATION,<br>    *Defendant.* | CLASS ACTION  4:07 CV87 - P-B<br><br>**CLASS ACTION COMPLAINT AND**<br>**REQUEST FOR JURY TRIAL** |

Plaintiff Bonnie Gee, by her undersigned attorneys, on behalf of herself and all other persons similarly situated, alleges the following upon personal knowledge as to her own acts, and upon information and belief as to all other matters, based upon an investigation by her attorneys.

## NATURE OF THE ACTION

1.      This is a class action on behalf of all persons who purchased 48-inch side-by-side refrigerator-freezer units, model numbers DTSB483, DTSB483D, VCSB483, VCSB483D, DDSB483, DDSB483D, DFSB483, and DFSB483D (the "Refrigerators") manufactured by Viking Range Corporation ("Viking") from May 25, 2001 until the present. The Refrigerators leak water because the automatic defrost feature defrosts ice to water more quickly than the water evaporates, thereby overflowing the pan which is part of the Refrigerators. On information and belief, Defendants are aware that the solution to this problem is a heating unit (the "Heating Unit") which attaches to the bottom of the Refrigerator, and which was designed and produced long ago and has at all times relevant hereto been available, but Defendants refuse to install the Heating Unit at the factory because the Refrigerators would have a lower energy rating if the additional equipment was included, exceeding the maximum energy

1

usage permitted by federal law and reducing the value of the Refrigerator to consumers.

## JURISDICTION AND VENUE

2.    The jurisdiction of this Court is based on the Class Action Fairness Act, 28

U.S.C. § 1332(d)(2), in that:

a.    The named Plaintiff, Bonnie Gee, is a citizen of New Jersey

and Defendant is a citizen of Mississippi;

b.    The matter in controversy exceeds $ 5 million for the members

of the class in the aggregate.

3.    Venue is proper in this judicial district pursuant to 28 U.S.C. Section

1391, as this is the judicial district in which Defendant resides, and is the judicial district in

which a substantial part of the events or omissions giving rise to the claim occurred.

## THE PARTIES

4.    Plaintiff Bonnie Gee is a resident of the State of New Jersey.  She

purchased a 48-inch Viking Side-by-Side Refrigerator, model no. DTSB843 on or about May 16,

2006.

5.    Defendant Viking is a corporation organized under the laws of the State of

Mississippi, which has its executive offices at 111 Front Street, Greenwood, Mississippi, 38930.

Viking manufactures and sells high-end kitchen appliances and cooking equipment.

## CLASS ACTION ALLEGATIONS

6.    Plaintiff brings this action pursuant to the substantive law of the State of

Mississippi as a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) on behalf of

all persons who purchased Viking 48-inch side-by-side refrigerator-freezer units, model numbers

2

DTSB483, DTSB483D, VCSB483, VCSB483D, DDSB483, DDSB483D, DFSB483, and

DFSB483D (the "Refrigerators") from May 25, 2001 until the present (the "Class"). Excluded

from the Class are the Company, its officers and directors, affiliates, legal representatives, heirs,

predecessors, successors and assigns, and any entity in which the Company has a controlling

interest or of which the Company is a parent or subsidiary.

       7.     The members of the Class are located in geographically diverse areas and

are so numerous that joinder of all members is impractical. Viking's refrigerators, like all of its

appliances, are sold through a large network of domestic and international major appliance

distributors, who in turn sell to high-end dealers, kitchen specialist and builders. While the exact

number of Class members is unknown to Plaintiff at this time, and can only be ascertained

through appropriate discovery, Plaintiff believes there are, at a minimum, thousands of members

of the Class.

       8.     Common questions of law and fact exist as to all members of the Class

and predominate over any questions affecting solely individual members of the Class. Among

the questions of law and fact common to the Class are:

       a.     Whether the Refrigerators, as shipped from Viking, leak water

without the addition of extra equipment;

       b.     Whether the condition of the Refrigerators violates express

warranties by Viking;

       c.     Whether the condition of the Refrigerators violates the implied

warranty of merchantability;

       d.     Whether Viking's actions constitute fraud under Mississippi

common law;

        e.      Whether members of the Class have sustained economic damages and, if so, the proper measure of damages.

        9.      Plaintiff's claims are typical of the claims of the members of the Class because Plaintiff and members of the Class sustained damages arising out of Defendants' wrongful conduct as complained of herein.

        10.      Plaintiff will fairly and adequately protect the interests of the members of the Class and has retained counsel competent and experienced in class action litigation.  Plaintiff has no interests antagonistic to or in conflict with those of the Class.

        11.      A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members of the Class is impractical. Furthermore, because the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for the Class members individually to redress the wrongs done to them.  There will be no difficulty in the management of this action as a class action.

## SUBSTANTIVE ALLEGATIONS

        12.      In mid-May, 2006, Plaintiff accepted delivery of a Viking 48-inch side-by-side Refrigerator-Freezer, Model No. DTSB483, at a purchase price of four thousand, five hundred dollars ($4500).

        13.      Plaintiff's Refrigerator, and all Viking side-by-side Refrigerator-Freezers, "are warranted to be free from defects in material or workmanship under normal household use for a period of two (2) years from the date of original retail purchase."  Moreover, the

compressor, evaporator, condenser, connecting tubing and dryer/strainer are "warranted to be free from defective materials or workmanship in normal household use during the third through the sixth year from the date of original retail purchase."

14.    Within weeks of installation, Plaintiff's refrigerator began to leak water over the floor of her kitchen.

15.    In response to the malfunctioning of her Refrigerator, Plaintiff called an authorized Viking repair service. The repair service identified the problem: the automatic defrost feature was defrosting so quickly that the defrost pan in the bottom of the Refrigerator was filling up and overflowing. The solution was to install the Heating Unit, an electric aluminum heater, underneath the defrost pan which would speed the process of evaporating water in the defrost pan. The Heating Unit was a standard after-market unit which took only a few minutes to install. The repair service employee said that this was a common problem with the large Viking refrigerators that was known to Viking, and that the installation of the Heating Unit was the standard fix. He said that Viking did not install the Heating Unit at the factory because doing so would increase the amount of energy required to operate the Refrigerator, and would accordingly lower its fuel efficiency rating.

16.    Plaintiff spoke to a Viking service representative at Viking's headquarters in Mississippi by telephone to express her disappointment with her Refrigerator and concern about why Viking would not correct a known problem at the factory. The representative confirmed that the problem was a common one with similar Viking Refrigerators and was known to Viking. The representative also confirmed that Viking did not install the Heating Unit at the factory because doing so would increase the amount of energy required to operate the

5

Refrigerator, and would accordingly lower its fuel efficiency rating.

       17.    Federal law prescribes the maximum allowable energy usage for consumer products, including refrigerators. 42 U.S.C. Sec. 6295 *et seq.,* and regulations promulgated thereunder. On information and belief, some or all of the Refrigerator units covered by this suit would have exceeded the maximum energy use standards promulgated by the Secretary of Energy if they had been fitted with the Heating Unit prior to shipment from the factory.

       18.    All refrigerators are required by law to display a label, prior to sale, which states the energy use (in kilowatt hours/per year) of the unit, compares that energy use to similar models of refrigerators, and indicates the estimated yearly operating cost of the unit based on a U.S. government national average cost for electricity. 42 U.S.C. 6302. This regulation permits a unit that uses less energy to command a higher price, all other things being equal. On information and belief, the labels affixed to the Viking Refrigerators at issue in this suit provided information about energy usage and estimated yearly operating costs which did *not* include the energy usage or cost associated with running the Heating Unit, nor did the labels explain that the energy usage for the Refrigerators would be higher if all parts needed to prevent the Refrigerator from leaking were installed.

       19.    On information and belief, the same problem existing with Plaintiff's Refrigerator also exists in Viking Refrigerators model numbers DTSB483, DTSB483D, VCSB483, VCSB483D, DDSB483, DDSB483D, DFSB483 and DFSB483D.

## COUNT I

### Violation of Express Warranty

       20.    Plaintiff incorporates by reference and realleges each of the foregoing

paragraphs as if fully set forth herein.

21.    Because the Refrigerators are designed in such a way that they leak water, the Refrigerators are not "free from defects in material or workmanship under normal household use." Accordingly, Viking has violated its express warranties with respect to these Refrigerators.

22.    Plaintiff and the other members of the Class have been damaged as a result of Defendant's violation of express warranty.

**COUNT II**

**Violation Implied Warranty of Merchantability, Miss. Code Ann. Section 75-2-314**

23.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

24.    Because the Refrigerators are designed in such a way that they leak water, the Refrigerators are not "fit for the ordinary purposes for which such goods are used." Accordingly, Viking has violated the implied warranty of merchantability pursuant to Miss. Code Ann. Section 75-2-314.

25.    Plaintiff and the other members of the Class have been damaged as a result of Defendant's violation of implied warranty of merchantability.

**COUNT III**

**Common Law Fraud**

26.    Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

27.    Viking is aware that the Refrigerators leak water, and is aware that the addition of the Heating Unit resolves the problem.

7

28.    Viking does not correct the problem by installing the Heating Unit at the factory prior to shipping the Refrigerators because the energy usage of the Refrigerators would exceed federal standards in violation of 42 U.S.C. Section 6302. Moreover, if Viking installed the Heating Unit at the factory prior to shipping, it would have to include the energy used by the Heating Unit on the label which informs consumers of the average annual energy usage of the Refrigerators, negatively affecting the price the Refrigerators could command in the market.

29.    Viking has a duty under Federal law to provide consumers with information about the amount of energy used by its Refrigerators that fairly discloses the results of energy efficiency testing. 42 U.S.C. Section 6293.

30.    Viking's practice is designed to, and does, deceive consumers about the amount of energy their Refrigerator will in fact consume, and thus deceives consumers about the cost of operating their Refrigerators, constituting fraud under the common law of Mississippi.

31.    Plaintiff and the Class are injured by Viking's practice of selling the refrigerators without the Heating Unit and of representing the energy usage and operating cost of the Refrigerators without informing consumers that the Refrigerators are lacking a part which will increase energy usage, both because the Refrigerators command a higher price than they would if the correct energy usage information were public, and because Plaintiff and the Class must pay more for energy over the lifetime of the Refrigerators.

8

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff prays for relief and judgment as follows:

      a.      Determining that this action is a proper class action, certifying Plaintiff as class representatives under Rule 23 of the Federal Rules of Civil Procedure;

      b.      Compensatory damages in favor of Plaintiff and the other Class members against the Defendant;

      c.      Punitive damages;

      d.      Costs, fees and expenses incurred in this action, including counsel fees and expert fees; and

      e.      A temporary and permanent injunction prohibiting Defendant from continuing its improper and fraudulent practices; and

      f.      Such other and further relief as the Court may deem just and proper.

Dated:  May 25, 2007

**PLAINTIFF BONNIE GEE,**
On Behalf of Herself and All
Persons Similarly Situated

J. Cal Mayo, Jr. (MSB No. 8492)
Pope S. Mallette (MSB No. 9836)
Paul B. Watkins, Jr. (MSB No. 102348)
MAYO MALLETTE, PLLC
Post Office Box 1456
428 North Lamar Boulevard
Oxford, MS 38655

cmayo@mayomallette.com
Tel:  (662) 236-0055
Fax: (662) 236-0035
*Of Counsel:*

Andrew M. Schatz
Jeffrey S. Nobel
Mark P. Kindall
SCHATZ NOBEL IZARD, P.C.
20 Church Street, Suite 1700
Hartford, CT 06103
firm@snilaw.com
Telephone:  (860) 493-6292
Facsimile:  (860) 493-6290