IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**BONNIE GEE**                                                                                               **PLAINTIFF**

**VS.**                                                       **CIVIL ACTION NO. 4:07CV87-P-B**

**VIKING RANGE CORPORATION**                                                     **DEFENDANT**

**AGREED CONFIDENTIALITY AND PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is stipulated and ordered as follows:

1. This Confidentiality and Protective Order ("Confidentiality Order") shall govern the handling of Confidential Discovery Material, as defined herein, produced by any party or non-party in this litigation.

2. The following definitions shall apply to this Confidentiality Order:

(a) "Party" or "Parties" shall mean and refer to the Plaintiff, Bonnie Gee, individually, and/or the Defendant;

(b) "Qualified Person(s)" shall mean and refer to:

(i) Counsel of record for each party and employees of counsel who assist in the conduct of this litigation, including employees of any firm retained to reproduce Confidential Discovery Material;

(ii) Testifying experts or consulting experts retained by counsel for the purposes of this litigation;

(iii) The individual party and the corporate party's officers, directors, or employees that counsel for the Defendant deem necessary to participate in the conduct of this litigation;

(iv) The corporate party's officers, directors or employees who are noticed for deposition or designated as trial witnesses and other persons who counsel for a party in good faith believes may be fact or expert witnesses to the extent deemed necessary by counsel to prepare the witness to testify;

(v) Deponents, and their counsel, during the course of depositions taken in this action;

(vi) Court reporters and persons preparing transcripts of depositions;

(vii) Mediators selected by the parties to participate in any aspect of the litigation;

(viii) The Court and Court personnel; and

(ix) Other persons upon order of the Court, or written agreement by the person or entity that produced or disclosed the Confidential Discovery Material.

(c) "Documents" shall mean "documents or electronically stored information" as is referenced in Rule 34 of the Federal Rules of Civil Procedure.

(d) "Confidential Discovery Material" shall mean and refer to documents, or parts thereof, which counsel for any party and/or counsel for the producing person in good faith believes contains or discloses trade secrets or other confidential research, development or commercial information that would be entitled to confidential status under Rule 26(c) of the Federal Rules of Civil Procedure. Confidential Discovery Material shall also include transcripts, notes, summaries of depositions, or parts thereof, and/or responses to requests for admissions or interrogatories in which Confidential Discovery Material is discussed or disclosed. Such transcripts, notes, summaries and/or responses must be treated as Confidential Discovery Material.

3. Any party or non-party producing Confidential Discovery Material must designate such discovery material as Confidential by marking it "Confidential" in bold lettering. With respect to documents consisting of multiple pages that contain Confidential Discovery Material, it shall be sufficient to mark the first page of the document as "Confidential." With respect to electronically stored information, it shall be sufficient to designate the material as Confidential by marking the medium through which it is produced (*i.e.,* disc, CD, tape, etc.) as Confidential or designating the material as Confidential in writing to all parties. Prior to marking any discovery material Confidential, counsel for the producing party or non-party must make a good faith determination that the material contains Confidential Discovery Material.

4. If any party (other than the producing party, person or entity) determines in good faith that any document produced and/or filed in this lawsuit constitutes Confidential Discovery Material, the party must designate such document as Confidential by notifying all parties in writing that the terms and conditions of this Confidentiality Order shall apply to the designated document. If any party determines in good faith that a document previously produced and/or filed in this lawsuit constitutes Confidential Discovery Material, the party may designate any such document as Confidential Discovery Material. The parties agree to take the necessary action(s) to effectuate the terms of this Confidentiality Order with respect to any document designated as Confidential Discovery Material.

5. Confidential Discovery Material shall be disclosed only to Qualified Persons, except as provided by court order or by written agreement of counsel for the party that disclosed the material. Confidential Discovery Material shall not be used, conveyed or transmitted in any manner by any person or entity for any business or competitive purpose and shall be used solely for purposes of the prosecution and/or defense of this action.

6. Before disclosing any Confidential Discovery Material to any Qualified Person other than the Court, Court Personnel and the Qualified Persons specifically identified in Paragraph seven (7) of this agreement, counsel of record for the party disclosing Confidential Discovery Material shall advise each individual of the terms of this Confidentiality Order, provide the individual with a copy of this Confidentiality Order and inform the individual that he or she is bound by the terms of the Confidentiality Order. Counsel of record for the party disclosing Confidential Discovery

Material to any Qualified Person, other than the Court, Court Personnel and the Qualified Persons specifically identified in Paragraph seven (7) of this agreement, shall gain the verbal agreement of the individual that he or she understands the restrictions on the use of Confidential Discovery Material and is permitted to use the Confidential Discovery Material solely for purposes of this case; will not disclose the Confidential Discovery Material; will destroy all such Confidential Discovery Material, including erasing all information maintained in electronic form on any computer or disc or tape, within 60 days after the conclusion of this litigation; and will consent to the jurisdiction of this Court for purposes of enforcing this Confidentiality Order.

7.     Before disclosing any Confidential Discovery Material to any testifying experts or consulting experts retained by counsel for the purposes of this litigation as set out in Paragraph 2(b)(ii) of this Order, counsel shall advise each individual of the terms of this Confidentiality Order, provide the individual with a copy of this Confidentiality Order and obtain from the individual a signed copy of the Confidentiality Order acknowledging and agreeing to be bound by its terms. The original of the signed statement shall be maintained in the possession of counsel for the party disclosing the Confidential Discovery Material during the pendency of this action. The acknowledgment signed by the individual shall provide that the individual will use the Confidential Discovery Material solely for purposes of this case; will not disclose the Confidential Discovery Material; will destroy all such Confidential Discovery Material, including erasing all information maintained in electronic form on any computer or disc or tape, within 60 days after the conclusion

of this litigation; and will consent to the jurisdiction of this Court for purposes of enforcing this Confidentiality Order.

8. Any portion of a deposition which contains or refers to Confidential Discovery Material may be marked Confidential, and shall, thereafter, be placed in a separate portion of the transcript, and will be subject to the procedures set forth in this Confidentiality Order.

9. Whenever Confidential Discovery Material is discussed or disclosed in a deposition, any counsel of record may exclude from the room any person who is not a Qualified Person.

10. All documents filed with the Court that have been designated as containing or constituting Confidential Discovery Material, or any pleading, memorandum or other document that contains, incorporates, quotes from, annexes or summarizes Confidential Discovery Material, shall be filed with the Court in a sealed envelope on which shall be written the title of this action, an explanation of the nature of the contents, and a statement in substantially the following form:

> "CONFIDENTIAL -- This envelope contains documents and/or
> information that, pursuant to a Confidentiality Order of the Court,
> are filed in this case by (name of party), and is not to be opened,
> nor are the contents thereof to be displayed or revealed, except by
> further order of the Court."

11. Prior to the commencement of any public hearing or trial, the Court shall establish procedures for the use of Confidential Discovery Material at such hearing or trial.

12. If any party objects to the designation of any discovery material as Confidential, the objecting party shall notify all parties (and the person or entity who designated the documents as confidential) in writing. Thereafter, the objecting party must, within thirty (30) days, file a motion

seeking a ruling that such discovery material should not be treated as confidential. The objecting party shall have the burden of proof with regard to this motion.

13. The termination of this action shall not relieve Qualified Persons from the obligation of maintaining the confidentiality of all Confidential Discovery Material produced and designated pursuant to this Confidentiality Order, unless the Court orders or permits otherwise. Within 60 days of the final termination of this action, each Qualified Person who has received Confidential Discovery Material shall destroy, or arrange for counsel to destroy, such discovery materials and shall certify that all confidential documents in their possession have been destroyed, including copies. Qualified Persons shall not be required to return or destroy any documents containing any work product or any documents otherwise filed with the Court provided any such documents continue to be maintained in accordance with this Confidentiality Order. The return of such discovery materials shall be acknowledged in writing by the party producing the subject Confidential Discovery Material.

14. In the event additional persons or entities become a party to this litigation, these parties shall be subject to this Confidentiality Order.

15. All Qualified Persons to whom Confidential Discovery Material is disclosed, whether or not they execute a copy of this Confidentiality Order, shall be subject to the jurisdiction of this Court for purposes of enforcing this order. This Confidentiality Order shall continue to be binding after the conclusion of the litigation, and this Court reserves jurisdiction over all Qualified Persons to whom such information was disclosed for the purpose of enforcing this order.

16. This production of Confidentiality Discovery Material shall not in any way constitute a waiver of the parties to raise or assert any objections which may hereafter be raised or asserted, including but not limited to defenses or objections with respect to the use, relevancy or admissibility of any of the Confidential Discovery Material produced pursuant to this Order.

ORDERED this, the 17th day of December, 2007.

/s/ Eugene M. Bogen
UNITED STATES MAGISTRATE JUDGE

**AGREED TO AND APPROVED:**

*s/ Brooks Eason*
Brooks Eason (MB #5286)
Scott W. Pedigo (MSB #10735)
David P. Webb (MSB#7052)
Eric W. Hospodor (MSB#102041)
BAKER DONELSON BEARMAN
CALDWELL & BERKOWITZ, PC

COUNSEL FOR VIKING RANGE CORPORATION


*s/J. Cal Mayo, Jr.*
J. Cal Mayo, Jr.
Pope S. Mallette
Paul Bowie Watkins, Jr.
MAYO MALLETTE, PLLC

COUNSEL FOR BONNIE GEE