**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**BONNIE GEE,**                                                                                               **PLAINTIFF,**

**VS.**                                                          **CIVIL ACTION NO. 4:07CV087-P-S**

**VIKING RANGE CORPORATION,**                                              **DEFENDANT.**

**ORDER**

This matter comes before the court upon the defendant's motion to dismiss the plaintiff's breach of express warranty and breach of the implied warranty of merchantability claims [24]. After due consideration of the motion and the responses filed thereto, the court finds as follows, to-wit:

Because the court concludes that Counts I and II of the plaintiff's Complaint are preempted by 42 U.S.C. § 6297(g), the motion is well-taken and should be granted.

Count I asserts a claim for a breach of express warranty. More specifically, Count I alleges: "Because the Refrigerators are designed in such a way that they leak water, the Refrigerators are not 'free from defects in material or workmanship under normal household use.' Accordingly, Viking has violated its express warranties with respect to these Refrigerators." Complaint at ¶ 21.

Count II asserts a claim for violation of implied warranty of merchantability. Specifically, Count II alleges: "Because the Refrigerators are designed in such a way that they leak water, the Refrigerators are not 'fit for the ordinary purposes for which such goods are used.' Accordingly, Viking has violated the implied warranty of merchantability pursuant to Miss. Code Ann. Section 75-2-314.

42 U.S.C. § 6297(g) provides:

**(g) No warranty**

Any disclosure with respect to energy use, energy efficiency, or estimated annual operating cost which is required to be made under the provisions of this part shall not create an express or implied warranty under State or Federal law that such energy efficiency will be achieved or that such energy use or estimated annual operating cost will not be exceeded under conditions of actual use.

In their instant motion to dismiss, the defendant argues *inter alia* that these breach of warranty claims are preempted by 42 U.S.C. § 6297(g) since the plaintiff's refrigerator has been fixed by installation of the Heating Unit and the only remaining non-conformity is her allegation that her refrigerator uses more energy than was disclosed on the energy label, despite her attempts to frame her warranty claims as claims that the unit leaked water.

The plaintiff responds that contrary to Viking's arguments, her warranty claims are not based upon the fact that the Refrigerators' energy consumption was different than what was stated on the Energy Efficiency Labels. Rather, her breach of warranty claims arise solely from the fact that Viking knowingly sold defective, dripping refrigerators. The plaintiff goes on to say that the only significance of the Refrigerators' energy usage is that installation of the Heating Unit (the purported "fix" to the defect) causes Refrigerators to exceed the maximum energy use standards promulgated by the federal government. According to the plaintiff, the EPCA at most preempts only warranty claims that are dependent upon a product's failure to meet the specific energy usage levels disclosed on the Energy Efficiency Label. 42 U.S.C. § 6297(g). The plaintiff also maintains that the EPCA does not require the Energy Efficiency Label specifically to state that a Refrigerator complies with federal maximum energy use requirements, and does not preempt (or even address) claims relating to the Refrigerators' complete failure to function within those limits.

The defendant replies that both breach of warranty claims seek to recover for energy use that exceeds the amount disclosed on the label – regardless of how the plaintiff characterizes them. Section 6297(g) preempts all breach of warranty claims for energy use that exceeds the amount disclosed on the energy efficiency label, not just those that seek to recover for additional energy use that is above the amount on the label but below the maximum prescribed by the EPCA. To hold otherwise, the defendant argues, would be to create a warranty that a refrigerator will not exceed the amount of energy use disclosed on the label under conditions of actual use and the statute prohibits the creation of such a warranty.

Having considered the parties' arguments, the court concludes that the breach of warranty claims and the plaintiff's arguments regarding those claims essentially seek an "express or implied warranty under State or Federal law that such energy efficiency will be achieved **or** that such energy use or estimated annual operating cost **will not be exceeded** under conditions of actual use," 42 U.S.C. § 6297(g) (emphasis added), which the statute expressly prohibits.

Importantly, the plaintiff's arguments against preemption cite no authorities and go more appropriately to her fraud claim rather than her breach claims.

But for the plaintiff's allegation that the subject refrigerator exceeds federal energy standards with the Heating Unit fix, the plaintiff would have no basis for her breach of warranty claims given it is undisputed that the leaking defect was fixed with the Heating Unit. Thus, logically, the breach of warranty claims – though couched in terms of the leak – are inextricably intertwined with warranty claims which are barred by § 6297(g). Stated differently, the court is mindful of the plaintiff's argument that the two warranties were breached in that Viking allegedly sent out the refrigerator knowing that there was a leaking defect that required a Heating Unit fix. However, this

3

argument is necessarily connected with the plaintiff's other argument that this defect was allegedly deliberate in order to circumvent federal energy standard requirements. Thus, however the claims are couched, they would effectively seek relief that is barred by § 6297(g), thereby preempting the state-law warranty claims.

Pursuant to *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007), the court must determine whether the defendant has established that the plaintiff's factual allegations in her Complaint, taken as true, are enough to raise a right to relief above the speculation level in order to grant the defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). As indicated above, the defendant has met its Rule 12(b)(6)/*Twombly* burden by demonstrating that 42 U.S.C. § 6297(g) preempts the plaintiff's state-law claims of breach of express warranty and breach of the implied warranty of merchantability.

Because the court concludes preemption, the court offers no opinion regarding the parties' other arguments.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) The defendant's motion to dismiss the plaintiff's breach of express warranty and breach of the implied warranty of merchantability claims [24] is **GRANTED**; therefore,

(2) The plaintiff's claims for breach of express warranty and breach of the implied warranty of merchantability are preempted by 42 U.S.C. § 6297(g) and therefore are **DISMISSED WITH PREJUDICE**; and

(3) The plaintiff's common-law fraud claim remains.

**SO ORDERED** this the 24th day of September, A.D., 2008.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE